# GREATER LEON ARTS CENTER, INC. v. LEON COUNTY, STATE OF FLORIDA

## Case No. 85-97

Second Judicial Circuit, Leon County

June 21, 1985

### APPEARANCES OF COUNSEL

**Richard Burton Bush** for plaintiff.

**Robert Augustus Harper, Jr.,** for plaintiff.

**Danni Vogt** for plaintiff.

**O. Earl Black, Jr.,** Assistant County Attorney, for defendant.

**F. E. Steinmeyer, III,** County Attorney, for defendant.

### OPINION OF THE COURT

CHARLES E. MINER, JR., Circuit Judge.

Plaintiff, Greater Leon Arts Center, Inc. (hereinafter GLAC) seeks a judicial declaration that the Board of County Commissioners of Leon County acted contrary to law in the sale of the Old Leon County Library. GLAC also seeks a permanent injunction voiding the sale. Defendant, Leon County Commission, (hereinafter COMMISSION), has filed its answer and counterclaim demanding ouster of GLAC from the premises. A final hearing was held and, after having heard testi-

mony, argument of counsel and being advised in the premises, the Court finds as follows:

On November 25, 1980, the COMMISSION directed the County Administrator to consider possible disposition of the Old Library building. Mr. Steinmeyer, the COMMISSION attorney, advised the Board at that time of the requirements of Sec. 125.35, F.S., which section deals with the disposition of county property.

Thereafter, on August 25, 1981, GLAC representatives appeared before the COMMISSION to request the use of the Library building for cultural purposes. This request was not approved and the COMMISSION voted to proceed to sell the building.

The following month, on September 15, 1981, the Board reconsidered and agreed to lease the Old Library to GLAC for a period of one year at a monthly rental fee of $120. At the same time, the county attorney was instructed by the Board to prepare a legal advertisement noticing the intent of the COMMISSION to either sell or lease the premises.

Apparently, the COMMISSION'S efforts to dispose of the property were unproductive and on August 9, 1983 the COMMISSION unanimously declared the Library building surplus property but agreed to let GLAC continue to use the property under the same terms and conditions of the lease which had previously expired. The following month the COMMISSION authorized its staff to advertise the property for sale and to solicit proposals for such sale. The sale was duly advertised and on February 28, 1984 two bids were received and opened. These bids were rejected by the COMMISSION as being not in the best interest of the county.

Having been unsuccessful thusfar in its attempts to dispose of the Old Library building on terms favorable to the county, the COMMISSION sought out the assistance of the Tallahassee Board of Realtors in generating an acceptable bid for the sale of the building. In due course a Mr. Leoni offered to purchase the property and a contract was tendered to the COMMISSION through the Board of Realtors. On December 11, 1984 the COMMISSION accepted the Leoni bid, subject to compliance by the COMMISSION with the bid requirements of Sec. 125.35, F.S. Thereafter, a legal advertisement was published in the *Tallahassee Democrat* requesting additional bids and advising that the Leoni bid had been received and would constitute the "minimum bid" for the sale. Seeking yet to persuade the COMMISSION that the property could best be put to use as a center for its cultural activities, GLAC submitted a "bid" which offered to lease the Old Library

**15**

building from the COMMISSION for $1.00 per year with GLAC assuming maintenance expenses.

On January 8, 1985 the COMMISSION voted to accept Mr. Leoni's offer to purchase the Library building. This suit followed shortly after the Board made its decision to finally dispose of the property.

While acknowledging that the COMMISSION is under no obligation to lease the Old Library building to it, GLAC complains that the COMMISSION did not first make a determination that it was in the best interests of the county to sell the building to the highest and best bidder for the particular use the Board deemed to be the highest and best before negotiating the sale to Leoni, subject to the bidding procedures required by statute. The Court finds no merit in this argument notwithstanding that it is advanced sincerely by an organization obviously of the belief that the citizens of Leon County would best be served by permitting it to continue its culture advancing activities at that location. Itself without the funds to acquire and renovate the facilities for the use to which it would be put, GLAC submitted what the Court believes is, at best, a "symbolic" bid. The COMMISSION, perhaps frustrated by the fruitlessness of its search to find a purchaser for a facility which had ceased to be of use to the county because of its prohibitive renovation and maintenance costs, seized on the opportunity to dispose of the property on terms and conditions it considered to be in the best interests of our citizens. Reading the minutes of the official Board meetings dating back to the latter part of 1980, it is abundantly clear that the Board had decided that the Old Library building should be disposed of by sale or, if no sale could be consummated, then by some sort of lease or lease purchase arrangement. The matter was repeatedly discussed and debated in public meetings from that time until the date of final disposition. No secret deals were cut nor were any improprieties engaged in. Indeed, the COMMISSION seems to have gone the extra mile to dispose of the building on the most advantageous terms. Implicit in the COMMISSION's action of August 9, 1983 declaring the property surplus is a determination that disposition by sale to the highest and best bidder was in the best interests of the citizens of the county. It only remained thereafter for the notice and bid requirements of Sec. 125.35, F.S. to be complied with. This was done and the property was sold.

Even though GLAC has not been successful in this litigation it has, in the Court's view, provided a valuable service to our community by pointing up the plight of those citizens and groups dedicated to the advancement and preservation of the cultural resources that we have here. That the civic ballet company does not have a place to hone its

16

dancing skills should concern us all. The other little arts groups that have in the past used the Old Library for practice or performance need an advocate if their value to that which is good and desirable in this community is to be fully realized. Reading over the minutes of the meetings of the COMMISSION for the past few years persuades the Court that the COMMISSION is far from insensitive to the needs of arts groups and, in this instance, as required to make a hard decision. The COMMISSION did its duty as it thought best and for that it deserves no criticism. For its stand, GLAC deserves our understanding and our thanks.

The premises considered, it is ORDERED and ADJUDGED, as follows:

1. The sale of the Old Library building to the highest and best bidder was conducted in accordance with the requirements of Sec. 125.35, F.S. and the same is hereby confirmed.

2. Having previously received notice as a tenant at will to vacate the premises, GLAC is hereby ordered to vacate the same forthwith but, in any event, not later than Monday, June 24, 1985 at 5:00 p.m.